UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

EDE LLC, et al.

        Plaintiffs,

-against-                                           23 civ 8015 (CM)(VLF)

UTOPIA MUSIC AG et al.,

        Defendants.

------------------------------------------------------------x

### BRIEFING SCHEDULE ON MOTION FOR ATTACHMENT

McMahon, J.:

    This case was removed from the New York State Supreme Court. While the complaint appears to be brought pursuant to CPLR 3213 (summary judgment in lieu of complaint), the Defendants have made a meritorious motion to compel arbitration – so meritorious that the Plaintiffs have commenced an arbitration in London, in accordance with the terms of the parties underlying contract. Plaintiffs argue that this moots the pending motion to compel, as indeed it does.

    While Defendants moved to dismiss the case in favor or arbitration, the preferred course in the Second Circuit is to stay an action pending arbitration, *Katz v. Cellco Partnership*, 794 F. 3d 341 (2d Cir. 2015), because a stay does not lead to any immediate appellate litigation. Defendants argue that I am not required to stay, as opposed to dismiss, this lawsuit because the Plaintiffs have not requested a stay, which distinguishes this case from *Katz.* However, the plaintiffs have made a motion for an attachment in aid of arbitration (albeit without filing a brief in support thereof). While making a motion for a provisional remedy in aid of arbitration is not exactly the same thing as asking the court to stay rather than dismiss a dispute pending arbitration, it has the same effect: it is a way of asking that the court retain jurisdiction over the matter. It would be bizarre for a court to dismiss an action in which a request for a provisional remedy has been made without first deciding that motion. For that reason the motion to dismiss is denied. The court will stay the action once the attachment motion is decided.

    I cannot help but observe that motions for attachments (or other provisional remedies) are rarely meritorious if they are made on a leisurely rather than an emergent schedule. However, having been alerted (by letter, not by order to show cause) to the existence of this motion, I will hear it and dispose of it forthwith. Plaintiffs must file a brief in support of their motion by 5 PM Thursday, October 12, 2023. The Defendants' response to the motion is due by 5 PM on Thursday,

October 19, 2023, and reply papers are due by 5 PM on Monday, October 23, 2023. Courtesy copies are to be hand delivered to chambers, in accordance with my Local Rules.

      The motion at Docket #5 is DENIED as moot insofar as it seeks to compel arbitration and is DENIED insofar as it seeks dismissal of this action. The Clerk should remove the motion from the court's list of open motions.

Dated: October 10, 2023

                                                                                   U.S.D.J.

BY ECF TO ALL COUNSEL